UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Arthur Middleton,<br><br>Plaintiff,<br><br>v.<br><br>Cheketa McMananus,<br><br>Defendant. | Civil Action No.  08-1383 (HHK) |

**MEMORANDUM OPINION**

Plaintiff Arthur Middleton, proceeding *pro se,* has filed a response to the court's second show cause order and provided the information necessary for the court to determine its jurisdiction in this matter.  A federal court is a court of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A federal court is under a continuing duty to ensure that its jurisdiction is proper.  *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 384 (1884) (stating that "the judicial power of the United States must not be exerted in a case to which it does not extend, even if both parties desire to have it exerted").

The plaintiff's most recent submission states that from July 2003 to July 2005, he rented an apartment in a building in the city of Washington, D.C. that was managed by Edgewood Management Corporation.  *See* Pl.'s Response at 1.  The building manager was Cheketa McMananus.  *Id.* at 2.  The heart of the action is that the defendants did not return his security deposit when he vacated the premises in July 2005, and that they did not return it within 90 days.  *Id.* at 1-2.  He seeks three times the deposit due him, asserting that D.C. law

entitles him to three times the amount due. *Id.* at 1. He calculates that the money due him is $3,255.00. *Id.* at 2.

This complaint was filed in this federal court as a civil rights action. However, the complaint and the plaintiff's most recent submission do not provide a basis on which to conclude that this case is properly viewed as a federal civil rights action. Rather, based on the injury the plaintiff describes — withholding money that is rightfully his — his claim appears to be one under the common law. Common law claims may be heard in a court of general jurisdiction, such as the District of Columbia Superior Court. Although a federal court may hear common law claims in some cases, it cannot in this one because the amount in controversy is less than $75,000, the minimum required for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Accordingly, on the basis of the information provided by the plaintiff, the court concludes that it does not have jurisdiction over this matter.

Because it has no jurisdiction, this court must dismiss this case for lack of jurisdiction. A separate order accompanies this memorandum opinion.

Dated: April 1, 2009

Henry H. Kennedy, Jr.
United States District Judge